# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN P. DORAVA,<br><br>          Plaintiff,<br><br>   v.<br><br>JAMES D. HARTLEY, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv-00746-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Edwin P. Dorava ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Chuckawalla Valley State Prison in Blythe, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at Avenal State Prison in Avenal, California. Plaintiff names James D. Hartley (warden), K. Clinton (sergeant), and U. Rodriguez (correctional officer) as defendants.

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that the deficiencies in Plaintiff's complaint cannot be cured by the allegation of any other facts. The Court will recommend Plaintiff's complaint be dismissed with prejudice.

**I.**      **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff claims Defendants U. Rodriguez and K. Clinton intentionally threw out Plaintiff's personal property "during an early morning roll up." (Compl. 3, ECF No. 1.) Plaintiff alleges that Rodriguez and Clinton then falsified documents to cover up their actions.

**III.   Discussion**

    **A.    Fourteenth Amendment Claims**

Plaintiff claims he was denied due process because of Defendants' actions. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or

unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff claims Defendants Rodriguez and Clinton intentionally threw out Plaintiff's personal property. Plaintiff's allegations suggest Defendants' actions were unauthorized because they allegedly falsified official documents to cover up the incident. The intentional but unauthorized deprivation of Plaintiff's property is not actionable in a due process claim under Section 1983. Accordingly, Plaintiff's complaint fails to state any due process claims.

**B.     Dismissal Without Leave to Amend**

The Court notes that Plaintiff is entitled to leave to amend his complaint if the Court determines that Plaintiff's claims can be cured by the allegation of other facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). However, the Court finds that Plaintiff's claims cannot be cured by the allegation of any other facts. The sole remedy for Plaintiff's claims are the post-deprivation remedies provided under California state law. Accordingly, the Court will recommend Plaintiff's claims be dismissed with prejudice for failure to state a claim.

**IV.    Conclusion and Recommendation**

Plaintiff's complaint fails to state any claims upon which relief can be granted. The Court finds that the deficiencies in Plaintiff's claims cannot be cured by further leave to amend.

///

1      Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED,
2 with prejudice.
3      These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
5 days after being served with these Findings and Recommendations, any party may file written
6 objections with the Court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:**    **November 22, 2010**                  /s/ Sheila K. Oberto
                                                                     UNITED STATES MAGISTRATE JUDGE